## STATE *v.* MOWRY WILLIAMS.

To convict one of being a common seller of strong or intoxicating liquors, under sections 26 and 27 of chap. 78 of the Rev. Stats., it is not necessary that he should have been twice convicted of selling in violation of section 16 of the same chapter, and a third sale by him be proved within six months of his last conviction; but proof of any three distinct _sales, either to the same person, or to different persons, is sufficient to maintain the indictment; the last clause of the 27th section not being designed to limit the effect of the first clause of the section, but to ease a doubt which had arisen about a double conviction founded in part upon the same proof.

Where a witness has sworn in his direct examination that the criminal acts were done within the times laid in the indictment, and, upon cross-examination, it appears that he cannot fix the precise date of any one of them, it is permissible in reply, to re-examine the witness as to the means by which he is enabled to ascertain that the criminal acts were done within the period covered by the indictment.

Unless it appears that a party excepting to the suggestive or leading character of questions put by his opponent to his witnesses has suffered injury therefrom, a court of error, upon a bill of exceptions which does not disclose the circumstances, will hardly interfere with a matter so amenable to circumstances, and so much within the discretion of the judge trying the cause.

INDICTMENT against the defendant as a common seller of strong liquors, at East Greenwich, between the 1st day of October, 1858, and the 14th day of February, 1859.

At the trial of the indictment before Mr. Justice *Shearman,* with a jury, at the February term of the court of common pleas for the county of Kent, 1859, it appeared, that one Arnold J. Place, a witness produced on the part of the state, testified in his direct examination, that he had been a frequent purchaser of liquors of the defendant since he had kept shop in

East Greenwich, within the times laid in the indictment, both to drink on the spot and to carry away; that he could not tell the number of times he had purchased it, there were so many times; he had purchased it a number of times. On cross examination he said, that he could not give any certain dates; it was since the defendant kept the shop; he meant to say, that he had bought of the defendant since he kept his shop, and thought that it was within the times laid in the indictment. The first time he purchased of the defendant he was alone; got gin there of the defendant four or five times; had it nearly every day. Against the objection of the counsel for the defendant, the court permitted the attorney-general to reëxamine the witness as to the time when the defendant kept the shop and sold to the witness, with especial reference to the times when the supreme court sat in East Greenwich, in September, 1858, and when the grand jury attended the court of common pleas there, at its February term, for the county of Kent, 1859.

Upon this reëxamination, the attorney-general asked the witness, the counsel for the defendant objecting, " whether he remembered when the grand jury were in session for the February court of common pleas, 1859 ? " The court having admitted the question, the witness answered, " that he did." The attorney-general then asked the witness, " if the purchases were made before that time ? " To this question the counsel for the defendant objected; but the court allowed the question to be put, and the witness answered, " that the purchases were made before that time."

The counsel for the defendant also requested the court to charge the jury, that they could not convict the defendant of being a common seller under sections 26 and 27, of chap. 78, of the Rev. Stats., without proof of two previous convictions for selling strong liquors in violation of sect. 16 of the same chapter, and of a like sale in violation of that section within six months of the last conviction. This charge the court refused to give, but charged the jury that any three sales of strong or intoxicating liquors, made by the defendant within the times laid in the indictment, were sufficient to maintain it.

The jury having found the defendant guilty, and he having

duly excepted to the above rulings of, the court, the same were now brought to this court for the correction of alleged errors of, law therein.

*W. H. Potter*, for the defendant.

1. Place's reëxamination was objectionable and illegal, because the questions were leading, and the testimony incompetent and irrelevant, both in substance and in the time and manner of its admission.

2. An indictment for common selling requires to be sustained by proof, that the defendant has been twice convicted of a violation of sect. 16, of chap. 78, of the Rev. Stats., and by proof, that the defendant has again violated it within six months of his last conviction.

*J. B. Kimball*, attorney-general, for the state.

I. The reëxamination of the witness, Arnold J. Place, was proper to explain the cross-examination. 1 Greenleaf on Ev. p. 609, sec. 467.

II. If the reëxamination of the witness was in fact as to new matter, the court had the discretion to permit it, and it is therefore no ground for a new trial. *Law* v. *Murrill*, 6 Wend. 268; 9 Cowen, 65; *Frederick* v. *Gray*, 10 Serg. & Rawle, 482; *Curren* v. *Conners*, 5 Binney, 488; *State* v. *Silver*, 3 Dev. 332; *Freleigh* v. *State*, 8 Mis. 606; *Brown* v. *Burns*, 8 Mis. 26.

III. It is not necessary for the government to prove, in order to sustain an indictment for common selling, two previous convictions of a violation of sect. 16, of chap. 78, of the Rev. Stats. and another violation of said section within six months next succeeding the last conviction. The statute does not prescribe the *only* mode of proof. Rev. Stats. chap. 78, §§ 26, 27; *State* v. *Johnson*, 3 R. I. Rep. 94.

AMES, C. J. The first clause of the 27th section of chap. 78, of the Revised Statutes expressly provides, that three several sales of strong or intoxicating liquors, either to the same person or to different persons, shall be sufficient to constitute the person selling, a common seller, within the meaning of the 26th section of the same statute. Under this clause of the 27th section the defendant was properly convicted; the office of the

18.*

last clause of the section being, not to limit the first, but to provide further, that although the defendant had been convicted and punished under the 16th section of the same chapter for two of the sales, he might, nevertheless, upon proof of a third sale within six months of the last conviction, be convicted thereby as a common seller. This clause was evidently added to meet the objection of a double conviction founded in part upon the same proof, which was started and discussed in *State* v. *Johnson*, 3 R. I. Rep. 94, and to recognize the distinction there laid down by the court, between the offence of a single sale in violation of law, and the offence of carrying on an illegal traffic in liquors, proved, under the statute, by three distinct sales in violation of it.

The other exceptions are equally untenable. The witness for the state, Place, had sworn, in his direct examination, that the defendant had frequently sold to him within the times laid in the indictment. It appearing from his cross-examination that he could not specify the precise date of any one of these numerous sales, it was quite proper that the government should be permitted in reply, to reëxamine him as to the means by which he was able to ascertain that the sales were made to him by the defendant within the period covered by the indictment. We see no reason to suppose that the defendant suffered any injury from the suggestive or leading character of the last and only objectionable question in point of form, put by the attorney-general upon his reëxamination of the witness, Place ; and without this, should hardly attempt to interfere with a matter so amenable to circumstances, and so much within the discretion of the judge trying the cause. Both exceptions must therefore be overruled, and sentence be passed upon the verdict.